**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIONG YENG,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL, Warden,<br><br>    Respondent. | Case No. 1:13-cv-01734-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S STATE LAW CLAIMS WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 28, 2013.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner, an inmate of Folsom State Prison, alleges that he is serving a sentence of fifteen years to life with the possibility of parole for attempted murder with use of a firearm, plus a concurrent term of seven years for shooting into an inhabited

vehicle, in violation of Cal. Pen. Code §§ 664, 187, 12022(a)(1), and 246. The sentence was imposed in 1992 in the Superior Court of the State of California, County of Merced. (Pet., doc. 1 at 1, 8.) Petitioner contends that after jury trial, he was convicted as an accessory, and that the sentence subsequently imposed is unlawful and unconstitutional because it is based on liability greater than that of the principal, who pursuant to plea bargain was convicted of shooting into an inhabited vehicle. (Id. at 2-6, 28, 34.)

The Court will not attempt a full summary of Petitioner's claims in the petition, which is over two hundred and fifty pages long. In the petition form, which commences at page 28 of the petition, Petitioner alleges the following claims: 1) trial counsel was ineffective in failing to object to and otherwise defend against the unlawful sentence (id. at 35)); 2) Petitioner's sentence violated Cal. Pen. Code §§ 647, 689, 187, and 12022, Cal. Evid. Code § 1111, and art. I, § 17 and the equal protection and due process provisions of the California constitution (id. at 41-42, 66-70); 3) Petitioner was subjected to an excessive and disproportionate sentence in violation of the Eighth Amendment because he was innocent of causing a death or of gross negligence, and his sentence was tantamount to a sentence of life without the possibility of parole given his life expectancy of sixty-four years, which is constitutionally prohibited for non-homicide offenses, (id. at 49-62, 70, 77-79); 4) principles of equity, equal protection, and due process mandate amendment of Petitioner's sentence (id. at 66-70); and 5) there was insufficient evidence that the principal committed attempted murder, and the court made no finding that the principal committed attempted murder (id. at 71-76). Petitioner seeks to have

3

his conviction limited to shooting into an inhabited dwelling in violation of Cal. Pen. Code § 246, and to limit his sentence correspondingly to seven years. (Id. at 43-44, 65, 70-80.)

## II. State Law Claims

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1180, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that the state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

Petitioner raises only state law claims insofar as Petitioner alleges in his second set of claims that his sentence violated various statutes of California and provisions of California's constitution. Because these claims rest solely on state law, they are not cognizable in a proceeding pursuant to § 2254 and must be dismissed.

Because the defect in these claims stems not from an absence of allegations of fact but rather from the nature of the claims as state law claims, the claims should be dismissed without leave to amend because Petitioner could not allege tenable state law claims that would warrant relief in this proceeding even if leave to amend were granted.

III. Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Petitioner's second claim that his sentence violated state law be DISMISSED without leave to amend; and

2) The matter be referred back to the Magistrate Judge for further proceedings on the remaining claims in the petition.

findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and

filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 27, 2014**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE