UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIONG YENG,<br><br>        Petitioner,<br><br>    v.<br><br>RICK HILL, Warden,<br><br>        Respondent. | Case No. 1:13-cv-01734-AWI-BAM-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A STAY (DOC. 12)<br><br>ORDER STAYING THE PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES<br><br>ORDER DIRECTING PETITIONER TO FILE AN INITIAL STATUS REPORT IN SIXTY (60) DAYS, THEN FILE A STATUS REPORT EVERY NINETY (90) DAYS THEREAFTER<br><br>ORDER DIRECTING PETITIONER TO FILE AN AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER COMPLETING EXHAUSTION |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Petitioner's motion for a stay of the proceedings filed by Petitioner on June 6, 2014.

    I.   Background

    Petitioner attacks his sentence of fifteen years to life with

1

the possibility of parole for attempted murder with use of a firearm, plus a concurrent term of seven years for shooting into an inhabited vehicle.  Petitioner was convicted as an accessory, and he challenges the sentence as unlawful and unconstitutional because it is based on liability greater than that of the principal, who pursuant to a plea agreement was convicted of shooting into an inhabited vehicle.  Petitioner initially alleged the following claims:  1) trial counsel was ineffective in failing to object to and otherwise defend against the unlawful sentence (id. at 35)); 2) Petitioner's sentence violated Cal. Pen. Code §§ 647, 689, 187, and 12022, Cal. Evid. Code § 1111, and art. I, § 17 and the equal protection and due process provisions of the California constitution (id. at 41-42, 66-70); 3) Petitioner was subjected to an excessive and disproportionate sentence in violation of the Eighth Amendment because he was innocent of causing a death or of gross negligence, and his sentence was tantamount to a sentence of life without the possibility of parole given his life expectancy of sixty-four years, which is constitutionally prohibited for non-homicide offenses, (id. at 49-62, 70, 77-79); 4) principles of equity, equal protection, and due process mandate amendment of Petitioner's sentence (id. at 66-70); and 5) there was insufficient evidence that the principal committed attempted murder, and the court made no finding that the principal committed attempted murder (id. at 71-76).

　　On October 29, 2014, Petitioner's second set of claims were dismissed without leave to amend because they were based solely on state law.  The matter was referred back to the Magistrate Judge for consideration of Petitioner's motion for a stay.

　　In the motion, Petitioner seeks a stay to "federalize" his

dismissed claims on the ground that the federal and state law are similar, and he can exhaust state court remedies as to analogous federal claims and then seek to amend the petition to add the new claims. (Docs. 12 & 13.)

## II. Motion for a Stay

Petitioner's second claim or, more accurately, set of claims, includes challenges to his sentence on some grounds that are based solely on state statutory law, such as alleged violations of Cal. Pen. Code §§ 647, 689, 187, and 12022, and Cal. Evid. Code § 1111. As to these claims, amendment would be futile because state law could never provide the basis of a tenable federal claim. Petitioner's second set of claims also includes challenges based on art. I, § 17, the equal protection clause, and the due process provisions of the California constitution. It appears that Petitioner contemplates raising claims based on analogous provisions of the Federal Constitution after exhausting state court remedies.

Petitioner seeks to proceed pursuant to the three-step procedure under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (Kelly), in which 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

In this case, Petitioner meets the qualifications for a Kelly stay. The petition presently contains no unexhausted claims, so the first step of the Kelly procedure is complete. Therefore, the Court

will stay the proceedings according to the second step of the <u>Kelly</u> procedure.  Petitioner will be instructed to file status reports of his progress through the state courts.  Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims.  He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

    III.  <u>Disposition</u>

    In accordance with the foregoing, it is ORDERED that:

    1) Petitioner's motion for a stay of the proceedings is GRANTED pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003); and

    2) The proceedings are STAYED pending exhaustion of state remedies; and

    3) Petitioner is DIRECTED to file an initial status report of his progress in the state courts no later than sixty (60) days after the date of service of this order, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete; and

    4) No later than thirty (30) days after service of the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

    Petitioner is forewarned that failure to comply with this order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated: **November 3, 2014**      /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE